UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC OVERLANDER, LLC, <br> Plaintiffs, <br> v. <br> KAUAI OVERLANDER, <br> Defendants. | Case No. 18-cv-02142-KAW <br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 37 |

Plaintiff Pacific Overlander, LLC filed the instant suit against Defendant Kauai Overlander, asserting trademark and copyright infringement. (First Amended Compl. ("FAC") ¶ 1.) On September 24, 2018, Defendant filed a motion to dismiss or transfer venue, asserting that the Court lacked personal jurisdiction over Defendant. (Def.'s Not. of Mot at 2., Dkt. No. 37; Def.'s Mot. to Dismiss at 1, Dkt. No. 38.)

The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' filings, the Court GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff operates an adventure vehicle rental business, renting out SUVs and pickup trucks equipped with tents and other camping equipment, with offices in San Francisco and las Vegas. (FAC ¶ 7; Bryce Johnson Decl. ¶ 9, Dkt. No. 38-1.) Plaintiff owns a trademark for the combined word and design mark "PACIFIC OVERLANDER EXPEDITION VEHICLES," and has a pending trademark registration for the standard character mark "PACIFIC OVERLANDER." (FAC ¶ 9.) Plaintiff asserts that it has common law trademark rights in both marks. (FAC ¶ 9.) Plaintiff also has a pending copyright registration for its website, titled "Pacific Overlander."

(FAC ¶ 10.)

Defendant also operates an adventure travel business, which it advertises through its website www.kauaioverlander.com; on the websites Outdoorsy.com, Airbnb, AutoYas, and Overland Bound (a "global message board"); and on social media websites Facebook, Pinterest, and Instagram. (FAC ¶¶ 12, 14, 16-21.) Defendant has one office located on the island of Kauai, and has no offices or physical presence on any other Hawaiian island or in the mainland United States. (Johnson Decl. ¶ 3.) Defendant has three vehicles that it rents out for camping and travel on Kauai. (Johnson Decl. ¶ 4.) Defendant advertises with Hawaiian businesses, but asserts that it has no business sponsors or partners in the mainland United States. (Johnson Decl. ¶ 6.)

On June 8, 2018, Defendant filed a motion to dismiss or transfer venue based on lack of personal jurisdiction. (Dkt. No. 13.) On August 10, 2018, the Court granted Defendant's motion. (Order, Dkt. No. 34.) The Court, however, permitted Plaintiff to file an amended complaint "if it can allege sufficient facts to show jurisdiction." (*Id.* at 9.) On September 10, 2018, Plaintiff filed its amended complaint. On September 24, 2018, Defendant moved to dismiss the complaint for lack of personal jurisdiction or improper venue, or to transfer venue. On October 9, 2018, Plaintiff filed its opposition. (Plf.'s Opp'n, Dkt. No. 40.) Defendant did not file a timely reply.[1]

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the

---

[1] On October 22, 2018, Defendant filed its reply brief. (Dkt. No. 42.) Defendant provided no explanation for why Defendant failed to timely file its reply, which was due on October 16, 2018. Therefore, the Court STRIKES the reply brief. In any case, the reply brief more or less copies and pastes from the opening brief.

2

defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." *Love*, 611 F.3d at 608.

### B. Motion to Dismiss Pursuant to Rule 12(b)(3) or Transfer Venue

A defendant may raise a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) in its first responsive pleading or by a separate pre-answer motion. Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).

Even if the court determines that venue is proper, it may transfer for the convenience of the parties and witnesses. 28 U.S.C. §1404(a). In either case, the decision to transfer is within the discretion of the court. 28 U.S.C. § 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### III. DISCUSSION

Plaintiff argues that the Court has both general and specific jurisdiction over Defendant based on Defendant's operation of a globally-available website and its advertising on other nationally-available websites and social media. (Plf.'s Opp'n at 3.) The Court disagrees on both counts.

### A. General Jurisdiction

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal quotations omitted). As in its prior opposition, Plaintiff argues that general jurisdiction exists because "Defendant operates an active website, which allows persons from anywhere in the world to book Defendant's services," relying

3

on *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003). (Plf.'s Opp'n at 3.)

The Court **again** rejects this argument. First, as the Court explained in its prior order, *Gator.com Corp.* was vacated, and is therefore not good law. *Gator.com Corp. v. L.L. Bean, Inc.*, 366 F.3d 789, 789 (9th Cir. 2004) ("The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court"); *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1132 (9th Cir. 2005) (en banc decision dismissing appeal for lack of a live controversy in light of parties' settlement agreement).

Second, again, even if *Gator.com Corp.* was good law, its facts are still readily distinguishable from the instant case. (*See* Order at 5.) There, the Ninth Circuit found there was general jurisdiction where the defendant not only made sales to California through its website, but targeted electronic and paper advertising to California, shipped millions of dollars-worth of product to California, maintained substantial numbers of on-line accounts for California consumers, and maintained frequent and ongoing relationships with numerous California vendors from whom the defendant bought product. 341 F.3d at 1074-75, 1078-79.

In contrast, here Defendant operates a website that is available in California, but provides services only in Hawaii. While Plaintiff asserts that Defendant also advertises on nationally-available websites such as Outdoorsy.com, Airbnb, and AutoYas, and maintains social media accounts on Facebook, Instagram, and Pinterest, these contacts are a far cry from the numerous business relationships the *Gator.com Corp.* defendant had with California itself. Plaintiff still presents no evidence that Defendant targeted advertising at California specifically, the number of California customers, the volume of services provided to California customers, or that Defendant had any ongoing relationships with California's businesses. Plaintiff's efforts to rely on the availability of Defendant's website in California and its advertising on nationally-available platforms falls well-short of the stringent requirements of general jurisdiction. *See Elayyan v. Melia*, 571 F. Supp. 2d 886, 899 (N.D. Ind. 2008) ("General jurisdiction cannot be based on nationwide advertising alone."); *Bryant v. QuiBids LLC*, No. 11-cv-1013, 2012 WL 394154, at *3 (N.D. Ill. Feb. 3, 2012) ("Simply operating a website accessible in a forum state does not establish general personal jurisdiction"); *compare with Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d

4

1218, 1225-26 (9th Cir. 2011) (finding no general jurisdiction where the defendant operated a highly interactive website, allowed third parties to sell tickets to California events on its website, employed a California firm to design its website, and had business relationships with California businesses).

### B. Specific Jurisdiction

California's long-arm statute authorizes specific personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Court may assert specific personal jurisdiction over non-resident defendants if three requirements are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

With respect to the first factor, the Court engages in a "purposeful direction" analysis for infringement claims. *Mavrix Photo*, 647 F.3d at 1228. Purposeful direction considers "whether a defendant purposefully directs his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (internal quotation omitted). The "effects test" requires that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation omitted).

5

In its prior order, the Court found that Plaintiff had failed to establish the second prong of the purposeful direction test. (Order at 6.) Applying the *Zippo* sliding scale for websites, the Court found that "Defendant operates a site that falls in the middle of the *Zippo* sliding scale, allowing for reservations to be made for a service that is provided solely in Hawaii." (*Id.* at 8.)[2] The Court concluded, however, that Plaintiff had failed to produce "evidence that Defendant has done 'something more' to direct its actions at California in order to appeal to or profit from California specifically," noting that "[t]here is no evidence Defendant had any specific contacts with California at all." (*Id.* at 8-9.) Instead, the Court explained that Plaintiff had to make "some showing that Defendant specifically targeted California." (*Id.* at 9.)

In its opposition, Plaintiff still identifies no California-specific contacts. Instead, Plaintiff only asserts that Defendant "advertises on nationwide websites including AirBnB and other websites detailed in the FAC." (Plf.'s Opp'n at 4.)[3] Plaintiff cites no authority where a court found specific jurisdiction based on similar facts. Instead, courts have routinely rejected a finding that there is express aiming to a specific forum state based on conducting business nationwide or advertising on nationally-available websites. For example, in *Cybersell, Inc. v. Cybersell, Inc.*, the Ninth Circuit declined to find personal jurisdiction:

> solely on the footing that Cybersell AZ has alleged trademark infringement over the Internet by Cybersell FL's use of the registered name "Cybersell" on an essentially passive web page advertisement. Otherwise, every complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located. That would not comport with traditional notions of what qualifies as purposeful activity invoking the benefits and protections of the forum state.

130 F.3d 414, 420 (9th Cir. 1997); *see also Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3d Cir.

---

[2] To the extent Plaintiff challenges the Court's finding that Defendant's website falls in the middle of the *Zippo* sliding scale, the Court rejects this argument. (*See* Plf.'s Opp'n at 3-4 (arguing Defendant operates an active website).) Plaintiff does not acknowledge the Court's prior ruling, let alone provide any rationale or authority for why the Court should rule differently. (*See id.*)

[3] In the complaint, Plaintiff also notes that Defendant follows some California individuals and companies. (Compl. ¶ 20.) While Plaintiff concludes from this that Defendant is advertising and promoting their services, there is no factual allegation -- or legal authority -- that following a California individual or company is the equivalent of advertising or promoting services.

2001) ("The District Court . . . concluded that the mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction. [Citation.] We do not disagree."); *Sensory Techs. LLC v. Sensory Tech. Consultants, Inc.*, Case No. 13-cv-834-SEB-DKL, 2013 WL 5230700, at *5 (S.D. Ind. Sept. 17, 2013) ("The first allegation, that Sensory Utah conducts business nationwide, does not support any inference that it expressly aimed its activities at Indiana or Sensory Indiana in Indiana"); *contrast with Mavrix Photo*, 647 F.3d at 1222, 1229-31 (finding express aiming where the defendant operated an "active website" that obtained a substantial number of hits from California residents, hosted third-party advertisers that directed their advertisements at California residents, and had a "specific focus on the California-centered celebrity and entertainment industries"); *Incorp. Servs. v. Incsmart.biz Inc.*, Case No. 11-cv-4660-EJD-PSG, 2012 WL 3685994, at *7 (N.D. Cal. Aug. 24, 2012) (finding express aiming where the defendant operated a highly interactive website to target California consumers by offering California-specific services to California consumers, including California registered agent services and California corporate formation services).

Because Plaintiff still fails to identify any California-specific contacts that would support personal jurisdiction, the Court concludes that there is no personal jurisdiction over Defendant. As the Court finds no personal jurisdiction, it need not consider whether venue is proper.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss for lack of jurisdiction. Although the Court previously gave Plaintiff leave to amend, Plaintiff has made no showing that further amendment would lead to sufficient facts to show jurisdiction. Instead, Plaintiff continues to focus on Defendant's nationwide contacts, rather than focusing on California-specific contacts. The Court therefore concludes that amendment is futile and dismisses the case with prejudice.

IT IS SO ORDERED.

Dated: October 31, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

7